Staunton.

## Hurt & Hurt v. Blankenship

### AND

## Hurt & Hurt and Others v. Blankenship.

September 14, 1911.

1. Judgments—*Infancy—Motion to Vacate Judgment—Burden of Proof of Infancy—Case at Bar.*—Where a judgment has been rendered against a party proceeded against as an adult and duly served with process, and he moves to vacate the judgment on the ground that he was an infant at the time the note sued on was made and also when the judgment was rendered against him, and that no guardian *ad litem* was appointed to defend him in the action, he has the burden of proof to establish the fact of his infancy by clear and satisfactory proof. In the case at bar, the alleged infant has failed to establish his infancy, either at the time of the execution of the note sued on, or at the date of the judgment thereon. On the contrary, he stated that he was of age when he executed the note, and his whole conduct then and thereafter indicates that his long-delayed claim of infancy was an afterthought.

Error to a judgment of the Circuit Court of Tazewell county, and also appeal from a decree of the same court. Judgment and decree for Harman Blankenship, who was a defendant in both the action at law and the suit in chancery. Plaintiffs appeal.

*Reversed.*

The facts are sufficiently set out in the opinion of the court.

*J. Powell Royal* and *S. D. May,* for the appellants and plaintiffs in error.

*Henson & Bowen,* for the appellee and defendant in error.

HARRISON, J., delivered the opinion of the court.

These two suits, the first at law and the second in chancery, from the Circuit Court of Tazewell county, were heard together by this court, the subject matter in controversy being so involved in both as to make that the most convenient method of considering the question to be determined.

It appears that on November 22, 1905, Harman Blankenship bought from Hurt & Hurt a stock of merchandise, the consideration for which was his negotiable note for $530, payable twelve months after date, and endorsed, as an accommodation endorser, by his sister, Ida Blankenship. The note· not being paid, Hurt & Hurt brought suit and obtained judgment thereon in May, 1907, against the maker and endorser, each of whom had been duly served with process. In June, 1907, Hurt & Hurt brought a chancery suit against these judgment debtors to enforce against their lands, respectively, the lien of their judgment. In this chancery cause process was duly served upon each of the defendants. After this bill was filed, Ida Blankenship, the sister, sold and conveyed her land, mentioned therein, to the plaintiffs, in consideration of an assignment to her of their judgment against her brother, and thereupon secured a decree in the pending chancery cause subrogating her to all of the rights of the judgment creditors with respect to such judgment. To her petition asking for this subrogation her brother was made a party defendant and duly served with process. The cause was then referred to a commissioner to take an account of the lands of Harman Blankenship and the liens thereon. Notice of this account was duly served upon the defendant, after which the commissioner took the required account, reporting other liens, and, in favor of Ida Blankenship, the judgment asserted in the bill, the right to which she had been subrogated. This

report, to which no exception was taken, was ratified and confirmed and a personal decree given against Harman Blankenship in favor of his sister for the amount of the judgment and costs, together with a decree *nisi* for the sale of the land reported as subject to the lien of such judgment. Three months after all of these proceedings were had with respect to this judgment, in each of which Harman Blankenship was made a party defendant and duly served with process, he appeared for the first time by a guardian *ad litem* and next friend with an answer, in which he claims that at the time of the rendition of the judgment involved in this litigation he was an infant of tender years and incapable of understanding and protecting his interests, and that the judgment was rendered without the appointment of a guardian *ad litem* to defend his interests as required by law. There was also filed at the same time an exception to the report of the commissioner, which had been confirmed, asserting in support thereof the claim of infancy set up in his answer. More than a month after this apapearance in the chancery cause, Harman Blankenship gave his sister notice that he would move the court, on the law side thereof, to vacate and set aside her judgment, on the ground that he was an infant when the note sued on was executed, and when the judgment thereon was obtained.

A number of defenses to this motion were interposed, which it is not necessary to mention. Upon the trial, the parties submitted the matter in controversy to the determination of the court. After hearing the evidence, which included the record in the chancery cause, the court, upon the issue of infancy, held that Harman Blankenship was an infant when the judgment in controversy was obtained and vacated the same and set it aside. Subsequently the court, in the chancery cause, held that Ida Blankenship was entitled to no relief therein, her judgment there asserted hav-

ing been vacated and annulled, and dismissed her petitions, both original and amended. From the common law order vacating the judgment, and from the decree dismissing the petitions of Ida Blankenship, these proceedings are now before this court.

Viewed from the standpoint of a demurrer to the evidence, the testimony fails to satisfactorily or sufficiently establish the claim of Harman Blankenship, that he was under twenty-one years of age either when the judgment in question was obtained, or when the note upon which it was based was executed. The burden of proof was upon the plaintiff, in the motion to vacate the judgment, to establish his claim of infancy. The only evidence offered in support of such claim was that of plaintiff's brother, Oscar, and himself, both shown to be interested in defeating the judgment. Neither of these witnesses profess to know with certainty the age of Harman Blankenship. Neither has ever seen any record of his age, and both admit that what they state with respect to his age was heard from other members of the family, whose names are not mentioned. The testimony of Harman Blankenship is that he did not know his age, that members of his family had told him that he was born about the 25th of March, 1888 or 1889; that he was either twenty or twenty-one years of age when testifying. This witness admits that for several years he had traded and done business as an adult; that the note upon which the judgment was rendered was given to Hurt & Hurt for a stock of goods; that he purchased these goods as an adult, and sold the same as such, and also purchased goods from wholesale firms; and that after merchandising at Big Creek, in Tazewell county, he carried on a mercantile business at Raven, in the same county. The testimony of Oscar Blankenship is that he did not know his brother's exact age; that he had never seen any record of it; that his information from the family was that Harman was

73

born about the 25th of March, 1888, or 1889; that witness was thirty-eight years of age; that his father died in the fall of 1889, and that Harman was then eight or eighteen months of age; that Harman was a married man and had five brothers, none of whom were present to testify with respect to his age but himself; that Harman Blankenship had, for many years, been conducting business for himself; that he had sold witness a stock of goods, or exchanged the same with him, in the year 1907, for the tract of land now sought to be sold in the pending chancery cause, and that he now holds the title bond of Harman Blankenship for said land.

It was admitted on the trial that the defendants could prove that the plaintiff, Harman Blankenship, told Hurt & Hurt at the time the note in question was executed that he was then twenty-one years of age; and that he told W. B. Spratt about the same time on two different occasions that he was then twenty-one. This evidence is confirmed by the testimony of the plaintiff, who says that he purchased the goods for which the note was given as an adult and sold the same as such.

In this case Harman Blankenship seeks, under the claim of infancy, to escape responsibility for his admittedly just obligation, and to impose the burden of that obligation upon his sister, who has, as his surety, been compelled to sell her land to meet his debt. To accomplish this he must adduce clear and satisfactory proof that he was, as now claimed, an infant when the obligation in question was assumed. Taking the plaintiff's evidence as a whole, it leaves the mind not only in grave doubt as to the truth of the claim, but with a decided inclination to the conclusion that the present claim of infancy is an afterthought. The evidence for the plaintiff on this issue is uncertain and inconclusive, and when it is considered in connection with the fact that he represented himself to be of age when

he executed the note, that he purchased the stock of goods for which it was given as an adult, and had sold them as such, and had for a number of years carried on for himself the mercantile business; that he had important land transactions with his brother, Oscar, during the time he now claims to have been an infant, all of which statements and conduct are wholly irreconcilable with the present pretension with respect to his age; and when all this is considered together with the plaintiff's long and unexplained delay in making this defense of infancy, notwithstanding the numerous opportunities afforded at law and in equity when he should have set it up, the conclusion cannot be avoided that the plaintiff has failed to establish that he was an infant, either when the judgment sought to be vacated was rendered or when the note upon which it was based was executed.

The order in the common law case, vacating the judgment, now belonging to Ida Blankenship, must therefore be set aside and the motion to vacate overruled; and the decree in the chancery cause, dismissing the original and amended petitions of Ida Blankenship, must be reversed and the cause remanded to the circuit court for further proceedings, enforcing the lien of the judgment in favor of Ida Blankenship against the land of Harman Blankenship in the proper order of its priority.

*Reversed.*